# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Joshua Cosby, | Case No. 18-cv-573 (NEB/ECW) |
| Petitioner, | |
| v. | REPORT AND RECOMMENDATION |
| F.C.I. Sandstone Warden, | |
| Respondent. | |

This matter is before the Court upon Joshua C. Cosby's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1) and Motion Pursuant to Title 28 U.S.C. § 2241 (Dkt. No. 2). Petitioner requests a Writ of Mandamus pursuant to 28 U.S.C. § 1361 directing F.C.I. Sandstone Warden ("Respondent") to issue a memorandum to enable Petitioner to finish his administrative appeal. (*See* Dkt. No. 1 at 8; Dkt. No. 2 at 4.) The case has been referred to the undersigned United States Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that the Petition and Motion be denied and that Petitioner have the opportunity to present a converted claim by filing an amended pleading clearly identifying that claim within 30 days of the date of any order adopting this Report and Recommendation, failing which the Court will recommend dismissal without prejudice of this action.

# I.   BACKGROUND

Petitioner is a federal prisoner currently confined at the Federal Correctional Institution ("FCI") located in Sandstone, Minnesota. (Dkt. No. 1 at 1.) He is serving a 120-month sentence after conviction in the United States District Court for the Eastern District of Missouri for violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A). (Dkt. No. 7-1 at 3.) Petitioner's projected date of release is January 28, 2022. (*Id.*) Petitioner's writ relates to a disciplinary action during his imprisonment, as described below. (Dkt. No. 2 at 2-4.)

On January 19, 2017, at approximately 10:00 a.m., Petitioner received Incident Report # 2941235 stating that at 12:35 a.m. that morning, a white Samsung USB electronic device charging cord was found hidden behind the wall of Petitioner's desk. (Dkt. No. 6-2 at 8.) The report states that at the time of the search, the desk was assigned to Petitioner. (*Id.*) Possession of a USB charging device is a violation of Offense Code 108A, titled "Possessing a Hazardous Tool." (Dkt. No. 6-2 at 12.) The Unit Discipline Committee ("UDC") held an initial hearing on the charge on January 25, 2017 and the Discipline Hearing Officer ("DHO") held a DHO hearing on February 9, 2017. (*Id.* at 26-28.) At the DHO hearing, the DHO found Petitioner guilty of the offense, resulting in 41 days disallowance of Good Conduct Time ("GCT"), 60 days loss of Commissary, and 60 days loss of Telephone. (*Id.* at 26-28.) According to his motion, Petitioner filed a regional appeal of the decision, which was received on March 6, 2017. (Dkt. No. 2 at 2.) The regional director denied Petitioner's appeal on April 26, 2017. (*Id.* at 3.) The denial was received at FCI Sandstone on May 12, 2017. (*Id.*) Petitioner then appealed to the

Central Office which was received on June 9, 2017. (*Id.*) Petitioner's Central Office appeal was denied as untimely because it was not received within 30 days from the regional director's denial, i.e., within 30 days of April 26, 2017. (*Id.*)

Petitioner filed this case as a habeas action under 28 U.S.C. § 2241 on March 2, 2018. (Dkt. No. 1.) The same day, he filed a motion pursuant to 28 U.S.C. § 2241 seeking a writ of mandamus requiring Respondent to issue a memorandum to enable Petitioner to finish his administrative appeal. (Dkt. No. 2.) Respondent filed its response on April 16, 2018 (Dkt. No. 5), accompanied by the declarations of Michael Puckett (Dkt. No. 6) and Jake Bush (Dkt. No. 7). Petitioner filed a reply on May 17, 2018. (Dkt. No. 9.) On June 27, 2018, Petitioner filed a Motion to Amend Evidence to Petitioner's Initial Motion (Dkt. No. 10) submitting two exhibits of expunged incidents that Petitioner believes are similar to his. Magistrate Judge Leo I. Brisbois granted Petitioner's motion. (Dkt. No. 19.)

In his briefing, Petitioner was explicit that he is "not appealing the DHO determination" but instead "request[s] the writ of mandamus to force the BOP staff to provide a memorandum excusing the tardiness of his administrative appeal, enabling him to exhaust his administrative remedies." (Dkt. No. 9 at 2, 7.) Consequently, the Court requested additional briefing from the parties on whether the Court has subject matter jurisdiction over this action. (Dkt. No. 22.) Both parties filed supplemental briefing addressing this issue. (Dkt. Nos. 23, 24.)

## II. DISCUSSION

### A. Legal Standard

"Federal courts have jurisdiction to 'entertain an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States.'" *Otey v. Hopkins*, 5 F.3d 1125, 1130 (8th Cir. 1993) (citation omitted). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody. If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) (citing *Preiser v. Rodriguez*, 411 U.S. 473, 475, 499 (1973)). "It is the substance of the relief sought which counts. Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his state custody, the district court lacks the power or subject matter jurisdiction to issue a writ." *Id.*

"A district court may grant a writ of mandamus only in extraordinary situations and only if: (1) the petitioner can establish a clear and indisputable right to the relief sought, (2) the defendant has a nondiscretionary duty to honor that right, and (3) the petitioner has no other adequate remedy." *Castillo v. Ridge*, 445 F.3d 1057, 1060-61 (8th Cir. 2006).

### B. Petitioner's Claim is Not Cognizable as a Writ of Habeas Corpus Under § 2241

Petitioner was explicit that he is "not challenging the validity of his conviction or the lenght [sic] of his detention," but maintains that the "the habeas petition is the proper

4

vehicle for the petition for mandamus." (Dkt. No. 24 at 2.) The Court disagrees. A writ of habeas corpus is proper only when the relief sought "attack[s] the validity of his sentence or the length of his state custody." *Kruger*, 77 F.3d at 1073. Here, the relief sought is that the Court "mandate that the Defendant issue the requested memorandum that was asked by the Central Office in order for Petitioner to be able to finish his appeal." (Dkt. No. 1 at 8.) The link between this requested relief and a decrease in the length of Petitioner's custody is attenuated at best. If the Court were to grant Petitioner's petition and order the Warden to issue the memorandum, then Petitioner could refile his appeal and perhaps it would be considered timely. The Central Office would then either affirm or reverse the decision of the Regional Office—a decision completely independent of the Court's ruling on the present petition. As Petitioner admits, if the Central Office affirms the decision, only then would he have "finish[ed] his administrative remedy process" and be able to "present an appeal to this Court." (Dkt. No. 9 at 6.) This chain of events is far from having a "**direct bearing** on the fact or duration of his confinement" that is proper for a habeas petition. *Perales v. U.S.*, CIV. 14-1722 JNE/JJG, 2014 WL 3384698, at *4 (D. Minn. July 10, 2014) (emphasis added) (dismissing claims for lack of subject matter jurisdiction). Accordingly, Petitioner's claim was not properly brought as a habeas corpus petition under § 2241. "Because [Petitioner's] claims do not challenge the fact or duration of his confinement, they may not be brought in a habeas petition, and his petition for a writ of habeas corpus must be dismissed." *Taylor v. Roal*, 10-CV-3588 PJS/JJG, 2010 WL 4628634, at *5 (D. Minn. Nov. 5, 2010).

## C.     Petitioner May Choose to Convert His Complaint

Although the Court must liberally construe Petitioner's *pro se* complaint, *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004), the Eighth Circuit has stated that it is "appropriate to consider the potential detriment to habeas petitioners if district courts, sua sponte, transformed their habeas petitions into *Bivens* or § 1983 claims, and vice versa," *Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014).  In *Spencer*, a *pro se* federal prisoner improperly attempted to challenge his conditions of confinement through a § 2255 habeas petition.  *Id.* at 469-70.  The Eighth Circuit held that the district court should have recharacterized the prisoner's claim into a *Bivens* action rather than dismiss the claim.  *Id.* at 471.  It further stated that "the better practice will be for district courts to first obtain the consent of the pro se individual before converting their claims from a habeas proceeding to a *Bivens* action."  *Id.*

A court should obtain a prisoner's consent before converting his claims "because there may be some detriment to a petitioner to have a habeas petition automatically converted to a civil rights case subject to the requirements of the Prison Litigation Reform Act ('PLRA')."  *Dahl v. Miles*, No. CV 16-3571 (JRT/BRT), 2017 WL 3600397, at *6 (D. Minn. Aug. 20, 2017).  In particular, under the PLRA, "a prisoner must exhaust all available administrative remedies, 42 U.S.C. § 1997e(a), and pay the full $350.00 filing fee, 28 U.S.C. § 1915(b), either up front or installments over time.  Additionally, the PLRA contains a three strikes provision, under which there is a 'strike' for each lawsuit or appeal filed that is dismissed because it is frivolous, malicious, or does not state a proper claim."  *Id.*  After three strikes, a prisoner must prepay the entire filing fee

6

before a district court can proceed with a civil action. 28 U.S.C. § 1915(g); *see Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) ("[A]n inmate who has had three prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim may not proceed in a civil action *in forma pauperis* 'unless the prisoner is under imminent danger of serious physical injury.'"). Accordingly, the Court will not *sua sponte* convert the Petition.

With respect to the conversion, Petitioner alleges that "the staff at FCI is hindering the Plaintiff from exercising his due process right by not allowing him to fully exhaust his administrative remedy process." (Dkt. No. 2 at 5.) While Petitioner seeks mandamus relief, it is unclear in what form Petitioner would cast his converted claim—e.g., as a claim under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), a claim directly alleging violation of the Constitution, or some other federal cause of action. Depending on the underlying action, Petitioner's converted claim could fall within the scope of the PLRA as a "civil action." *In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997) ("[W]e believe a mandamus petition arising from an ongoing civil rights lawsuit falls within the scope of the PLRA.") (citations omitted).

Accordingly, the Court recommends that Petitioner have the opportunity to present a converted claim (if he chooses to move forward with this action) by filing an amended pleading clearly identifying the claim he is bringing within 30 days of the date of any order adopting this Report and Recommendation. In so recommending, the Court notes that Petitioner has a high hurdle to overcome mandamus relief. "Under 28 U.S.C. § 1361, mandamus may issue against an officer of the United States only when the plaintiff

7

has a clear right to relief, the defendant has a clear duty to perform the act in question, and the plaintiff has no adequate alternative remedy." *Borntrager v. Stevas*, 772 F.2d 419, 420 (8th Cir. 1985); *see also Heckler v. Ringer*, 466 U.S. 602, 616 (1984) (writ of mandamus under § 1361 "is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty") (citations omitted).

### III.   RECOMMENDATION

Based on the above, and on the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (Dkt. No. 1), and Motion Pursuant to Title 28 U.S.C. § 2241 (Dkt. No. 2) be **DENIED**; and

2. Petitioner have the opportunity to present a converted claim by filing an amended pleading clearly identifying that claim within 30 days of the date of any order adopting this Report and Recommendation, failing which the Court will recommend dismissal without prejudice of this action.

DATED: December 4, 2018          *s/Elizabeth Cowan Wright*
                                 ELIZABETH COWAN WRIGHT
                                 United States Magistrate Judge

## **NOTICE**

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under District of Minnesota Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. D. Minn. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in D. Minn. LR 72.2(c).