# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSHUA COSBY, | Case No. 18-CV-573 (NEB/ECW) |
| Petitioner, | |
| v. | ORDER ACCEPTING REPORT AND RECOMMENDATION |
| F.C.I. SANDSTONE WARDEN, | |
| Respondent. | |

The Court has received the December 4, 2018 Report and Recommendation of United States Magistrate Judge Elizabeth Cowan Wright. [ECF No. 25 ("R&R").] Both Petitioner and Respondent have filed papers indicating they do not object to the R&R and, specifically, to the conversion of this case to a motion pursuant to 28 U.S.C. § 1361. [*See* ECF Nos. 26, 28.] To the extent that there are objections, the Court has reviewed the R&R *de novo* and agrees that although Petitioner's claim is not cognizable as a writ of habeas corpus under 28 U.S.C. § 2241, he may convert his claim into a mandamus action.[1] Petitioner unequivocally states that he is not challenging the validity of his conviction or length of his detention, but rather seeks mandamus relief in that the Court mandate Respondent to issue a memorandum excusing the tardiness of his administrative appeal, thereby allowing him to exhaust his administrative remedies. [*See* ECF Nos. 9 at 2, 7; 24

---

[1] The factual background in this matter is clearly and precisely set forth in the R&R and need not be repeated here.

at 1–2.] Because Petitioner is not challenging the validity of his conviction or length of detention, habeas corpus is not the appropriate procedural vehicle for the relief sought. *See Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996) ("If the prisoner is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy."). However, as fully set forth in the R&R, Petitioner shall be permitted to convert his claim into a civil complaint if he wishes, the type of civil complaint to be chosen by him, not this Court. *See Spencer v. Haynes*, 774 F.3d 467, 470–71 (8th Cir. 2014) (finding it appropriate to recharacterize a *pro se* litigant's claim – first with his consent – into a *Bivens* action where a habeas petition was not the proper claim to remedy the alleged injury).

Based on the foregoing, and on all the files, records, and proceedings in the above-captioned matter, IT IS HEREBY ORDERED THAT:

1. The Report and Recommendation [ECF No. 25] is ACCEPTED;

2. Petitioner's Petition for Writ of Habeas Corpus [ECF No. 1] and Motion Pursuant to Title 28 U.S.C. § 2241 [ECF No. 2] are DENIED; and

3. Petitioner may present a converted claim by filing an amended pleading clearly identifying that claim within 30 days of this order, failing which the action is to be dismissed without prejudice.

Dated: February 4, 2019

BY THE COURT:

s/Nancy E. Brasel
Nancy E. Brasel
United States District Judge